**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:09-CR-87-JCB** |
| **vs.** | § | |
| | § | |
| | § | |
| **DARIN WILLIAMSON (1)** | § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

On January 28, 2020, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Ken Hawk.

*Background*

After pleading guilty to the offense of Possession of Material Involving the Sexual Exploitation of Minors, a Class C felony, Defendant Darin Williamson was sentenced on December 3, 2009 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of ten years. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of I, was 78 to 97 months. Defendant was sentenced to 78 months of imprisonment followed by a 5-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, sex offender aftercare, no contact with minors unless supervised by an adult approved by the probation officer, a prohibition from viewing sexually explicit material, submission to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning

1

unlawful conduct or a violation of supervised release, computer monitoring on any computer the

defendant is authorized to use, computer monitoring of any computer in the household, prohibition

from removing, tampering with, or circumventing any monitoring software, disclosure of all online

account information, including user names and passwords, prohibition from purchasing,

possessing, or using portable electronic devices with internet and/or photographic capability, and

a $100 special assessment.

Defendant completed his term of imprisonment and started his term of supervised release

on April 24, 2015. The case was re-assigned to United States District Judge J. Campbell Barker,

on January 8, 2020.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on January 9, 2020,

United States Probation Officer Alan Elmore alleges that Defendant violated the following

conditions of supervised release:

1. **Allegation 1 (standard condition 11): The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** It is alleged that Defendant was questioned by the Ore City Police Department and the Upshur County Sheriff's Office on December 20, 2019 regarding an incident involving his son. Defendant failed to report this law enforcement contact to the probation officer.

2. **Allegation 2 (special condition**): **The defendant shall disclose all online account information, including user names and passwords, to the U.S. Probation Office. The defendant shall also, if requested, provide a list of all software/hardware on his/her computer, as well as telephone, cable, or internet service provider billing records, and any other information deemed necessary by the probation office to monitor the defendant's computer usage**. It is alleged that Defendant refused to provide the probation officer with the passcode needed to unlock an unauthorized smartphone found in his possession on January 7, 2020.

3. **Allegation 3 (special condition): The defendant must not purchase, possess, use, have contact with, or use devices to include cellular telephones with photographic capability, cellular telephones with internet capability, laptop computers, iPods, Personal Digital Assistants (PDAs), portable data storage devices such as thumb**

**drives and Flash memory, or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant must also refrain from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment**. It is alleged that Defendant was found in possession of an unauthorized smartphone on January 7, 2020. Defendant admitted to purchasing the phone in December 2019 without permission from the probation officer and to using the phone to access the internet for various reasons, including to view sexually explicit images and pornographic videos.

4. **Allegation 4 (special condition): The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children**. It is alleged that Defendant admitted to viewing sexually explicit material on his smartphone, including adult pornography images and videos, on January 7, 2020.

5. **Allegation 5 (special condition): The defendant shall submit to a search of person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of your conditions of supervision.** It is alleged that Defendant refused to allow the search of the unauthorized smartphone found in his possession on January 7, 2020, by not providing the passcode to unlock the phone.

6. **Allegation 6 (special condition): Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program, which may include the application of physiological testing instruments. The defendant shall pay any cost associated with treatment and testing.** It is alleged that Defendant was discharged unsuccessfully from the sex offender treatment program on January 8, 2020 for failing to comply with treatment rules, as reported by the sex offender treatment provider.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the

present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history was I. The guidelines provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment.

*Hearing*

On January 28, 2020, Defendant appeared for a final revocation hearing. Assistant United States Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of 3 months of imprisonment to be followed by 2 years of supervised release with the first 6 months to be served in a halfway house. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana or, alternatively, Seagoville.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 3 months of imprisonment followed by 2 years of supervised release with the first 6 months to be served in a halfway house. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 3 months of imprisonment to be followed by 2 years of supervised release with the first 6 months to be served in a halfway house. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana or, alternatively, Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to 3 months of

imprisonment to be followed by 2 years of supervised release with the first 6 months to be served

in a halfway house.

So ORDERED and SIGNED this 28th day of January, 2020.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE